```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


TYRONE HILL,                      :
        Plaintiff                 :
                                  :
     v.                           :   CIVIL NO. 3:CV-05-1346
                                  :
                                  :   (Judge Conaboy)
PEGGY EVERHART, ET AL.,           :
                                  :
        Defendants                :
```

## **MEMORANDUM**

### **Background**

Tyrone Hill, an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Service of the complaint was previously ordered.

Named as Defendants are Secretary Jeffrey Beard and Chief Grievance Officer Sharon Burks of the Pennsylvania Department of Corrections (DOC) and two (2) SCI-Smithfield officials: Superintendent John Palakovich and Mail Room Supervisor Peggy Everhart.  Plaintiff states that during the week of March 7, 2005, he received correspondence which included "downloaded internet legal material."  Doc. 1, ¶ IV(1).  This material which consisted of forty-five (45) pages and titled "Fingerprint Evidence and Admissibility" was "intended to be appended to

1

plaintiff's State Appellate Court brief as a reference."[1] Id.

According to the complaint, the correspondence was rejected by Defendant Everhart on the basis that publications must come from an original source.  On March 12, 2005, Plaintiff instructed the sender, an individual who is not identified as being Plaintiff's legal counsel, to resend the material. Two days later, Hill filed an institutional grievance regarding the rejection of his mail.  He adds that as a result of filing a grievance, the item of mail at issue should have been held by the Mail Room Officer, presumably Defendant Everhart, until the appeal process was completed.

Plaintiff asserts that Defendants failed to follow proper procedure and made an improper determination with respect to the review of his administrative grievance.  Specifically, it is alleged that in addition to the improper denial of relief on his grievance, Defendant Everhart held the internet material for ten (10) days and then returned the material to the sender.  Hill next states that Defendants Palakovich, Burks, and Everhart advised him to obtain the material via Inmate General Welfare Funds and Intra-Library Loan (ILL).  Plaintiff states that he attempted, but was unable to obtain the internet material via an ILL.

Plaintiff concludes that by failing to grant him

---

[1] Hill admits that the internet material may not have an effect on the outcome of his state court appeal.

administrative relief, Defendants acknowledged that there is an unwritten arbitrary policy restricting inmate receipt of internet legal materials and thus, interfering with his right of access to the courts. Hill seeks injunctive relief as well as compensatory and punitive damages. The Defendants responded to the complaint by submitting a motion to dismiss. See Doc. 16. In reply, Plaintiff has filed an opposing brief as well as a motion for declaratory judgment.

## Discussion

Defendants argue that they are entitled to an entry of dismissal on the grounds that: (1) the complaint fails to allege any personal involvement by defendants Beard, Burks, and Palakovich in any constitutional misconduct; (2) a viable claim of denial of access to the courts has not been alleged; and (3) there is no constitutional right to a prison grievance procedure.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a

3

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).  Finally, it is additionally well-settled that pro se complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss the Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Personal Invvolvement**

The Defendants' initial argument maintains that there are no allegations that Secretary Beard, Chief Grievance Officer Burks and Superintendent Palakovich were personally involved in any constitutional misconduct.  See Doc. 17, p. 4.  A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of  law, and (2) that

said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Plaintiff asserts that Defendants Palakovich and Burks failed to follow DOC procedure when they denied him relief with respect to his grievance appeal. He adds that Secretary Beard should have properly trained all DOC staff "to effectuate DOC policies." Doc. 1, ¶ 6. There are no facts alleged in the complaint which could establish that Beard, Burks, and Palakovich were involved in the decision to prevent delivery of material downloaded from the internet to the Plaintiff.

5

Likewise, the review and denial of the grievance and subsequent administrative appeal conducted by Superintendent Palakovich and Chief Grievance Officer Burks does not establish personal involvement by those Defendants in the alleged underlying unconstitutional conduct.  In light of their non-involvement, it appears that Hill may be attempting to establish liability against the Superintendent, Secretary, and Chief Grievance Officer solely on the basis of their supervisory roles within the DOC.  Under the standards developed in Capone, such allegations are insufficient for purposes of alleging personal involvement in constitutional misconduct.

**Access to the Courts**

As previously noted, Hill contends that he was mailed legal material downloaded from the internet which he intended to append to his state court appellate brief as a reference.  It is alleged that Mail Room Supervisor Everhart prevented Plaintiff's receipt of said material on the basis that it did not come from an original source.  Defendants maintain that the complaint to the extent that it sets forth a denial of access to the courts claim is subject to dismissal because Hill does not claim that he suffered any injury as a result of his inability to use the internet material in his state court appeal.

It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services.  Bounds v. Smith, 430 U.S. 817, 821-25 (1977).  Failure to provide inmates with legal

6

research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). A recent opinion by the United States Supreme Court, Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Hill's complaint clearly acknowledges that "the downloaded internet legal document will not affect the State appellate court's decision of whether or not plaintiff's judgment of sentence is valid." Doc. 1, ¶ 6. He additionally indicates that "[i]t was merely intended to be used as an example." Id. Since the Plaintiff has not alleged that any non-frivolous litigation effort was adversely affected by the purported misconduct of Everhart, his denial of access to the courts claim does not satisfy Lewis and thus, cannot proceed.

**Grievance Procedure**

The Plaintiff also indicates that the Defendants violated his constitutional rights with respect to the handling of his administrative grievance. Prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Wilson v. Horn, 971 F. Supp. 943, 946 (E.D. Pa. 1997), aff'd, 142 F.3d

7

430 (3d Cir. 1998); McGuire v. Forr, Civ. A. No. 94-6884, 1996 WL 131130, at *1 (E.D. Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996).

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  Accordingly, contentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit.

**Request to Amend**

In his opposing brief to the motion to dismiss, Plaintiff raises a claim that the DOC's Administrative Directive 803 which regards inmate mail and incoming publications violates the First Amendment.  Hill also asks that his response be construed as an amendment to his complaint.

Federal Rule of Civil Procedure 15(a) provides in part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  Rule 15 has a liberal amendment of complaint policy.  Foman v. Davis, 371 U.S. 178, 181-82 (1962).  As previously noted,

liberal standards are to be applied to pro se litigants. Haines, 404 U.S. at 520. It is undisputed that Hill has not previously submitted an amended complaint or sought leave of court to do so.

A number of federal courts have ruled that "the filing of a motion does not constitute a 'responsive pleading' and therefore does not terminate the time within which a pleading may be amended as of right." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1475, at 554-55 (2d ed. 1990) (footnote omitted); see also Washington v. New York City Bd. of Estimate, 709 F.2d 792, 795 (2d Cir.), cert. denied, 464 U.S. 1013 (1983).

In Rekeweg v. Federal Mut. Ins. Co., 27 F.R.D. 431, 434 (N.D. Ind. 1961), the district court concluded that a motion to dismiss was not a responsive pleading for the purpose of Rule 15. It stated that "the term 'responsive pleading' should be interpreted in the light of Rule 7(a) of the Federal Rules of Civil Procedure which defines 'pleadings' as including only the Complaint, the Answer, and the Reply." Id. at 434. The Court of Appeals for the Third Circuit has additionally recognized that "neither a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under Federal Rule of Civil Procedure 15(a)." Centifanti v. Nix, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989); see also Reuber v. United States, 750 F.2d 1039, 1062 n.35 (D.C. Cir. 1984).

Hill's proposed First Amendment claim was not set forth in the complaint. Plaintiff has not filed a motion to amend and

9

his opposing brief cannot stand by itself as an amended complaint.  Consequently, Hill's proposed claim under the First Amendment has not been properly raised before the Court.

However, in light of the Plaintiff's pro se status, he will be granted fifteen (15) days from the date of this Order in which to file an amended complaint solely regarding his First Amendment claim.  If a proper amended complaint setting forth a viable First Amendment claim is timely submitted by Hill, this matter will be reopened.  An appropriate Order is attached.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge


DATED: JULY 19, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE HILL, : | |
|     Plaintiff : | |
| : | |
|   v. : | CIVIL NO. 3:CV-05-1346 |
| : | |
| : | (Judge Conaboy) |
| PEGGY EVERHART, ET AL., : | |
| : | |
|     Defendants : | |

### ORDER

NOW, THEREFORE, THIS 19th DAY OF JULY, 2006, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 16) is granted.
2. Plaintiff's motion for declaratory judgment (Doc. 48) is denied.
3. The Clerk of Court is directed to close the case.
4. Plaintiff, if he so chooses, may file an amended complaint solely regarding his proposed First Amendment claim within fifteen (15) days of the date of this Order. If a proper amended complaint setting forth a viable First Amendment claim is timely submitted, this matter will be reopened.

                                              S/Richard P. Conaboy
                                              RICHARD P. CONABOY
                                              United States District Judge